# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HEIDI BARBERO,**

      **Plaintiff,**

v.                                                Case No: 6:18-cv-02158-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Heidi Barbero (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits. Doc. 1; R. 694-709. Claimant argues that the Administrative Law Judge (ALJ) erred by: (1) failing to properly weigh the opinions of Dr. Nay, Dr. Honickman, Dr. Phillips, and Dr. Olafsson (Doc. 20 at 31-41); and (2) formulating a residual functional capacity (RFC) for Claimant that failed to account for the ALJ's findings of moderate limitations in both concentration, persistence, and pace, and in understanding, remembering, and applying information. Doc. 20 at 53-57. The Commissioner disagrees. Doc. 20 at 42-53; Doc. 20 at 57-60. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

    **I.**    **The ALJ's Decision**

On July 14, 2011, Claimant filed an application for disability insurance benefits, alleging a disability onset date of July 1, 2001. R. 129. Claimant's application was denied initially and upon reconsideration. *Id.* On November 9, 2011, Claimant filed a request for a hearing before an

ALJ. *Id.* On January 10, 2013, ALJ Deborah J. Arnold dismissed Claimant's claim, finding that in light of a previous administrative decision (dated March 26, 2007) that was not appealed, *res judicata* precluded review of the claim. *See* R. 88-97; R. 129-130. Claimant requested review of this decision, and on October 21, 2013, the Appeals Council vacated ALJ Arnold's order of dismissal and remanded Claimant's case for a hearing on the merits of whether Claimant was disabled at any time prior to December 31, 2006, her date last insured (the DLI). R. 132.[1]

On September 25, 2014, ALJ Mary C. Montanus conducted a hearing on remand. R. 43-86. On November 17, 2014, ALJ Montanus issued a finding that Claimant was not disabled at any time between the alleged onset date and the DLI. R. 19-35. Claimant again requested Appeals Council review; on October 20, 2015, the Appeals Council denied Claimant's request. R. 1-3. On March 22, 2017, this Court reversed the decision of the agency and remanded the case for further proceedings. R. 804-11.[2]

On June 20, 2018, the ALJ whose decision is at issue in the appeal now before the Court, ALJ Emily Kirk (the ALJ) held the third hearing in this case. R. 694-709. The ALJ issued her decision on September 6, 2018. *Id.* The agency's final decision is, again, ripe for judicial review pursuant to 42 U.S.C. § 405(g).

---

[1] The Appeals Council found that the evidence submitted with Claimant's application was new, material, and related to the period at issue, and thus precluded the application of *res judicata*. R. 132.

[2] The Court also directed the ALJ, on remand, to determine the credentials of Ms. Crosby, an individual who opined on Claimant's limitations, and accord her opinion proper weight depending on those credentials. R. 811. In her decision, ALJ Emily Kirk (the ALJ) determined that Ms. Crosby is a single decision maker, not an acceptable medical source, and therefore gave Ms. Crosby's opinion no weight. R. 706. Ms. Crosby's opinion does not appear to be at issue in this appeal.

In her decision, the ALJ found that Claimant had the following severe impairments through December 31, 2006 (the DLI): major depressive disorder, anxiety disorder, fibromyalgia; and anemia.[3] R. 697. The ALJ found that, through the DLI, Claimant had the residual functional capacity (RFC) to perform a range of sedentary work as defined in 20 C.F.R. § 404.1567(a).[4] R. 700. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a). She could lift, carry, push, and pull ten pounds occasionally, and frequently only a negligible amount; she could stand or walk for two hours, and sit for six hours in an eight-hour workday with regular breaks; she could never climb ladders, ropes, or scaffolds; she could occasionally climb ramps and stairs, as well as occasionally stoop, kneel, crouch, or crawl; she was limited to no more than occasional reaching overhead with her bilateral upper extremities; she could have no exposure to unprotected heights or dangerously moving machinery; she could have no concentrated exposure to vibration; she was limited to one-to-five step work tasks performed repetitively; she could have no interaction with the general public; and she could have no more than occasional interactions with coworkers and supervisors.

R. 700. The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs that existed in significant numbers in the national economy. R. 764-65. Based on this testimony, the ALJ found that, through the DLI, Claimant was capable of making a

---

[3] The ALJ also noted that Claimant "has a history of sinus and right shoulder," which the ALJ found was a non-severe impairment. R. 697. Additionally, the ALJ found that although Claimant's medical records show a diagnosis of obsessive compulsive disorder (OCD), the record does not show objective medical findings to support that diagnosis. *Id.* The ALJ also found that although Claimant alleged a personality disorder, no medical evidence of record prior to the DLI shows such a diagnosis. *Id.* The ALJ concluded that there was no medically determinable impairment capable of producing OCD and personality disorder. *Id.*

[4] 20 C.F.R. § 404.1567(a) provides: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

successful adjustment to other work that existed in significant numbers in the national economy. R. 709. The ALJ therefore found that Claimant was not disabled between the alleged onset date and the DLI. *Id.*

## II. Standard of Review

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. Discussion

Claimant raises two assignments of error: (1) the ALJ failed to properly weigh the opinions of Dr. Nay, Dr. Honickman, Dr. Phillips, and Dr. Olafsson (Doc. 20 at 31-41); and (2) the RFC fails to properly account for the ALJ's findings of moderate limitations in both concentration, persistence, and pace, and in understanding, remembering, and applying information (Doc. 20 at 53-57). Because the first issue is dispositive of this appeal, the Court does not reach Claimant's second assignment of error.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c).

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Here, Claimant argues that the ALJ improperly weighed the opinions of Dr. Nay, Dr. Honickman, Dr. Phillips, and Dr. Olafsson (Doc. 20 at 31-41). The Court will address the opinions of Dr. Nay and Dr. Honickman first, since those issues are dispositive of this appeal.

**A. Dr. Nay's Opinions**

Claimant argues that the ALJ improperly weighed the opinions of Dr. Nay, an examining physician. Doc. 20 at 38-41. Unlike a treating physician's opinion,[5] an examining physician's opinion is generally not entitled to any deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *see also Preston v. Astrue,* No. 2:09–cv–0485–SRW, 2010 WL 2465530, at *6 (*M.D. Ala. June 15, 2010) ("The opinions of examining physicians are generally given more weight than non-examining physicians; treating physicians receive more weight than nontreating physicians; and specialists on issues within their areas of expertise receive more weight than non-specialists."). However, the ALJ must still weigh such an opinion and state, with particularity, the weight given and the reasons therefor. *See* 20 C.F.R. § 404.1545(a)(1), (3)); *Winschel*, 631 F.3d at 1179.

---

[5] A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).

Here, Claimant argues specifically that the ALJ erred in giving Dr. Nay's opinions little weight based on the grounds that: (1) "they were based on an examination conducted over 10 years after the DLI and [Claimant's] self-reports" and (2) "the evidence prior to the DLI is inconsistent with [Dr. Nay's] opinions." Doc. 20 at 38 (citing R. 704). The Commissioner argues that "the ALJ articulated several specific proper reasons, supported by substantial evidence, for discounting Dr. Nay's opinions." *Id.* at 49.

i. **The ALJ's Statements Regarding Dr. Nay**

Dr. Nay provided four opinions in this case: (1) testimony at the hearing (R. 730-50); (2) a Psychiatric Review Technique form dated June 4, 2018 (R. 1163-78); (3) a psychological evaluation dated May 11, 2018 (R. 1151-62); and (4) a Mental Residual Function Capacity Assessment dated June 4, 2018 (R. 1180-81). In all four opinions, Dr. Nay opined to limitations more severe than those reflected in the RFC. R. 700. In her decision, the ALJ stated as follows with respect to Dr. Nay:

> As to opinion evidence, Richard Nay, Ph.D., a medical expert, reviewed the evidence and examined the claimant. He offered a written evaluation and also testified at the hearing. Dr. Nay opined that the claimant suffers from major depressive disorder, anxiety disorder, and mixed personality disorder, with paranoid borderline traits. Dr. Nay also opined that the claimant met Social Security Listings 12.04, depressive disorder, 12.06, anxiety disorder, and 12.08, personality disorder. On May 11, 2018, Dr. Nay submitted a psychiatric review form, and opined that the claimant met Social Security listings 12.04, depressive disorder, 12.06, anxiety disorder, and 12.08, personality disorder (Exhibit 40F).[6] On May 11, 2018, Dr. Nay performed a psychological evaluation of the claimant, and opined that the claimant: has significant functional limitation/impairments due to mental health symptoms; that her personality disorder would preclude her ability to be successful in any job setting; that she is unable to adapt to even minimal stressors; that she is "completely and totally disabled;" that she is unable to work full-time; that she is unable to maintain even part-time employment; and that her psychological problems are long-standing and contributed to her significant disability prior to the DLI (Exhibit 39).[7] On June 4, 2018, Dr. Nay completed a

---
[6] *See* R. 1163-78.
[7] *See* R. 1151-62.

> mental residual functional capacity, and opined that the claimant marked to severely limitation in: understanding and memory; concentration and persistence, social interaction; and adaptation (Exhibit 41F).[8]
>
> The undersigned considered Dr. Nay's opinions and his testimony at the hearing, but gives this evidence only little weight. ***Dr. Nay's opinions were based upon an examination conducted over ten year after the DLI and the claimant's self-reports***. ***The evidence prior to the DLI is inconsistent with these opinions. The pre-DLI medical records, as discussed above, fail to support the degree of impairment to which Dr. Nay opined.***

R. 704. The ALJ thus dealt with all four of Dr. Nay's opinions together, identifying two reasons for discounting all four opinions: (1) the opinions were based on an examination conducted more than ten years after the DLI and on Claimant's self-reports; and (2) the evidence prior to the DLI is inconsistent with Dr. Nay's opinions. *See id.*

### ii. The ALJ's Second Articulated Reason

Claimant asserts that the second reason the ALJ gave for discounting Dr. Nay's opinions – that the evidence prior to the DLI is inconsistent with Dr. Nay's opinions – is conclusory. Doc. 20 at 40. In response, the Commissioner argues that "the treatment notes from the relevant period clearly fail to support the extreme limitations Dr. Nay identified" and purports to cite examples of such treatment notes. *See id.* at 49.

Upon review, the Court finds that the ALJ's second reason for discounting Dr. Nay's opinions is insufficient to show that the ALJ's decision is supported by substantial evidence. While the opinions of one-time examiners are not entitled to special deference, *See McSwain,* 814 F.2d at 619, "conclusory statements by the ALJ that an examining physician's opinion is inconsistent with the medical record 'are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.'" *Bell v. Colvin*, No. 3:15-CV-743-GMB, 2016 WL 6609187, at *4 (M.D. Ala. Nov. 7, 2016) (quoting

---
[8] *See* R. 1180-81.

*Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d. 1262, 1272 (M.D. Fla. 2012)). Otherwise, the Court is left to guess at which particular records the ALJ asserts support the ALJ's decision and, in doing so, impermissibly reweigh the evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner.").

Here, the ALJ stated, in a conclusory fashion, that "[t]he evidence prior to the DLI is inconsistent with [Dr. Nay's] opinions." R. 704. The ALJ did not specify what evidence she was referring to, and she provided no explanation of how Dr. Nay's opinions are inconsistent with that evidence – except the similarly conclusory statement that "[t]he pre-DLI medical records, as discussed above, fail to support the degree of impairment to which Dr. Nay opined." *See id.* The ALJ failed to articulate any basis for this contention. S*ee id.* The ALJ did not include citations to specific medical records, did not even narrow the type of medical records (i.e., treatment notes, test results, physician's opinions), and did not discuss how the findings of "the pre-DLI medical records" did not "support the degree of impairment to which Dr. Nay opined." *See id.*

The ALJ's vague reference to medical records "discussed above" is not sufficient factual support for the conclusion that Dr. Nay's opinions are inconsistent with any medical records. Even if the Court waded through the ALJ's entire discussion of the medical record in this case – which is contained in a separate section of the decision – and managed to identify those records that fall within the relevant time period and – in the Court's opinion – appear inconsistent with Dr. Nay's opinions, the ALJ never discussed any such records in relation to Dr. Nay's opinions. *See id.* Thus, the ALJ failed to build the requisite "accurate and logical bridge from the evidence to [her] conclusion." *Flentroy-Tennant v. Astrue*, 2008 WL 876961, *8 (M.D. Fla. Mar. 27, 2008).

Without any medical support for the ALJ's conclusory statements, the Court would be forced to reweigh the evidence itself, and therefore cannot determine whether the ALJ's decision is based on substantial evidence. *See, e.g., Small v. Comm'r of Soc. Sec.*, 2012 WL 646071, at *8 (M.D. Fla. Feb. 28, 2012) (citing *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (stating that when an ALJ fails to provide factual support for his conclusion that a medical opinion is inconsistent with the medical record, the court is "left in a situation where it has to impermissibly reweigh the evidence")). Since the court may not affirm merely because *some* rationale could support the ALJ's decision, the court is unable to conduct a proper review. *See Kelly v. Comm'r of Soc. Sec.*, 401 Fed. Appx. 403, 407 (11th Cir. 2010).

The Commissioner's argument to the contrary is unavailing. The Commissioner argues that "the treatment notes from the relevant period clearly fail to support the extreme limitations Dr. Nay identified," and purports to cite examples of such treatment notes. *See* Doc. 20 at 49. The ALJ did not narrow the field of medical records to "treatment notes" and did not link any specific records to Dr. Nay's opinions. *See* R. 704. Essentially, it appears that the Commissioner stood in the shoes of the ALJ, analyzed the record evidence anew, and now cites what the Commissioner believes to be substantial evidence supporting the ALJ's decision.[9] *See id.* But the Court will not rely on the Commissioner's post-hoc arguments. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might

---

[9] The Court notes that of the seven citations provided by the Commissioner, only three appear relevant to his post-hoc argument – two of the remaining four citations refer to medical records that post-date the DLI (and are thus outside of "the relevant period"), and two simply cite back to the ALJ's decision. *See* Doc. 20 at 49 (citing R. 460, 472, 463-4, 512, 702; 509, 702). To the extent that the Commissioner's citations to the ALJ's decision are intended to establish that the ALJ herself discussed these "treatment notes," the Commissioner does not say so, and in any event, such an argument would fail. As the Court has already discussed, the ALJ never linked her discussion of any medical records to Dr. Nay's opinions.

have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To do so would necessarily require the Court to reweigh the evidence, which the Court declines to do. *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted).

Given the foregoing, the Court finds that the ALJ's conclusory statement that the evidence prior to the DLI is inconsistent with Dr. Nay's opinions precludes proper review. Accordingly, Claimant's argument is well-taken.

### iii. The ALJ's First Articulated Reason

Claimant argues that the ALJ's first articulated reason for giving Dr. Nay's opinions little weight – that "Dr. Nay's opinions were based upon an examination conducted over ten year[s] after the DLI and the claimant's self-reports" – is factually incorrect and legally insufficient. Doc. 20 at 38. Claimant states:

> [C]ontrary to the ALJ's assertion that [Dr. Nay] based his opinion on an examination 10 years after the DLI and [Claimant's] self-reports, Dr. Nay explicitly stated that he based his opinions on a review of medical evidence dating back to 2006 and up to and including the other examiners' reports in the record, and that the evidence was all consistent with his opinion, including the opinions of Drs. Phillips, Olafsson, and Honickman.

*Id.* (citing R. 747-50; 1160-62). In response, the Commissioner argues that "the fact that Dr. Nay first examined [Claimant] a decade after the relevant period is clearly a proper reason to discount [Dr. Nay's] opinions." Doc. 20 at 49. The Commissioner then argues that "the ALJ properly observed [Dr. Nay's] opinions were based on [Claimant's] own reports" and states that a claimant's subjective complaints are not an acceptable basis for an opinion. *Id.* Beyond stating that the length of time that has passed since Dr. Nay's initial examination and reliance upon

Claimant's self-reports are "proper" bases for discounting Dr. Nay's opinions, the Commissioner does not appear to address the accuracy of the ALJ's reasoning. *See id.*

Throughout his opinions – including a relatively lengthy portion of his hearing testimony – Dr. Nay consistently and explicitly explains that his opinions are based on more than a single examination and Claimant's self-reports. *See, e.g.* R. 732-33; 747-49; 1167; R. 1169; R. 1152-53; R. 1157-62. The additional bases Dr. Nay cites include testing and numerous medical records. *Id.* For example, Dr. Nay testified during the hearing that his opinions are based on "the review of the records and the consistency of the records and then…[his] interview of the time period" (R. 749) and on "all of the medical records since 2006 and also…[his] own observations and testing – both" (R. 748). Additionally, within the psychological evaluation dated May 11, 2018, Dr. Nay includes approximately three pages reviewing Claimant's medical records and approximately three pages considering those records in relationship to his own opinion. R. 1152-53; R. 1157-62.

Thus, the Court finds that the ALJ's statement that Dr. Nay's opinions are "based upon an examination conducted over ten year[s] after the DLI and the claimant's self-reports," while perhaps technically accurate to the extent that Dr. Nay did rely on those sources, is materially incomplete. Indeed, the record consistently reflects that Dr. Nay's opinions are based on additional sources, and a statement that implies otherwise mischaracterizes the record.

Courts in this district have found that remand may be warranted where the ALJ misstates and mischaracterizes the record evidence on numerous points, even if only one such misstatement, standing alone, would not have necessitated remand. *See Beckford v. Berryhill*, 2017 WL 3835859, *7-9 (M.D. Fla. Aug. 16, 2017) (noting that the ALJ's numerous errors called into question the accuracy of the ALJ's decision); *Smith v. Astrue*, 2009 WL 3157639, *3-6 (M.D. Fla. Sept. 25, 2009) (finding that the ALJ's misstatements, taken as a whole, indicated that the ALJ

failed to properly consider all the evidence); *Flentroy-Tennant*, 2008 WL 876961 at *6-8 (noting that the ALJ's numerous misstatements revealed an inaccurate review of the record). While the ALJ's first articulated reason for discounting Dr. Nay's opinions is technically only one statement, the ALJ applied the reason – and thus the statement – to all four of Dr. Nay's opinions. Here, this has the same effect as if the ALJ had considered Dr. Nay's opinions separately: the mischaracterization impacts all four opinions. Additionally, Dr. Nay's explanation of the bases of his opinions is clear and consistent throughout the record in this case, and the Court is concerned that what is effectively four mischaracterizations may reveal an inaccurate review of the record. *See id.*

The Court has also considered whether the ALJ's mischaracterization of the record, while in error, is harmless. An ALJ's misstatement of fact is harmless error if it does not affect the ALJ's conclusion. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1983). However, Courts in this District have found that if the ALJ makes a misstatement of fact that is material or integral to the ALJ's ultimate decision, then the misstatement is not harmless and remand may be warranted. *See Bissinger v. Comm'r of Soc. Sec.*, 2014 WL 5093981, at *5-6 (M.D. Fla. Oct. 9, 2014) (finding that the ALJ's misstatement of fact was not harmless) (citations omitted); *see also White v. Comm'r of Soc. Sec.*, 2010 WL 3467413, at *15-16 (M.D. Fla. Aug. 3, 2010) (finding that the ALJ's decision was not supported by substantial evidence because the ALJ misstatement of fact substantially affected the ALJ's ultimate conclusion), *report and recommendation adopted*, 2010 WL 3448617 (M.D. Fla. Sept. 1, 2010); *but see Washington v. Astrue*, 2009 WL 2949034, at *14 (M.D. Fla. Sept 14, 2009) (finding that the ALJ made a material misstatement of fact, but that a single erroneous statement by the ALJ did not require remand) (citation omitted).

In this case, the ALJ articulated only two reasons for discounting Dr. Nay's opinions: (1) the opinions were based on an examination conducted more than ten years after the DLI and on Claimant's self-reports; and (2) the evidence prior to the DLI is inconsistent with Dr. Nay's opinions. R. 704. The Court has already found that the second reason precludes proper review. Thus, the only remaining reason for discounting Dr. Nay's opinions is the ALJ's statement that the opinions were based on an examination conducted more than ten years after the DLI and on Claimant's self-reports. Based on the mischaracterization of the record in making that statement, the ALJ erred such that none of the articulated reasons for discounting Dr. Nay's opinions are sufficiently supported. Thus, the Court finds that the mischaracterization is not harmless and requires reversal.

This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). However, misstatements or mischaracterizations more clearly constitute reversible errors when those errors are compounded. *See Beckford,* 2017 WL 3835859 at *7-9. Because the Court finds misstatements or mischaracterizations of the record with respect to Dr. Honickman's opinions, the Court will briefly address Claimant's argument on that point. [10]

---

[10] The Court notes that Claimant does not appear to offer any argument related to its challenge of Dr. Olafsson's opinion (R. 1121-28) and at least one of Dr. Phillips's opinions (R. 630-31) and therefore waives argument related to those opinions. *See, e.g.*, *Jacobus*, 664 F. App'x 774, at 777 n.2 (stating that claimant's perfunctory argument was arguably abandoned); *N.L.R.B.*, 138 F.3d at 1422 ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

### B. Dr. Honickman's Opinions

Claimant also argues that the ALJ improperly weighed the opinions of Dr. Honickman, an examining physician. *See* Doc. 20 at 38-41. Claimant offers essentially the same argument she offered with regard to Dr. Nay's opinions, arguing specifically that the ALJ erred in giving Dr. Honickman's opinions little weight based on the grounds that: (1) they were based on an examination conducted over 10 years after the DLI and Claimant's self-reports; and (2) the evidence prior to the DLI is insufficient to support the degree of impairment suggested by Dr. Honickman. *Id.*

Dr. Honickman provided seven opinions in this case, and the ALJ gave six of those opinions little weight. R. 705, 706, 707. Claimant does not appear to challenge the ALJ's giving great weight to the remaining opinion. *See* Doc. 20 at 38-41. The ALJ addressed the six opinions that she gave little weight in separate groups of three, dealing with Dr. Honickman's three 2014 opinions in one group and Dr. Honickman's three 2012 opinions in a second group. R. 706, 707. The ALJ gave the same reasons for giving each group of opinions little weight:

> The undersigned considered all of Dr. Honickman's opinions, but gave them only little weight, since they were based upon an examination conducted over ten year after the DLI, and, the evidence prior to the DLI is insufficient to support the degree of impairment suggested by Dr. Honickman, as it demonstrated above. Further, Dr. Honickman's opinions were based upon the claimant's self-reported symptoms.

R. 706.[11] These reasons align with the reasons the ALJ gave for discounting Dr. Nay's opinions: (1) "[Dr. Honickman's opinions] were based upon an examination conducted over ten year[s] after

---

[11] The Court notes that the reasons articulated with respect to the second group of opinions are substantively the same as those quoted here – which correspond with the first group of Dr. Honickman's opinions – but that this quotation cannot be properly cited for both sets of reasons due to slight differences in punctuation and spelling. *See* R. 707.

the DLI…and Claimant's self-reported symptoms"; and (2) "the evidence prior to the DLI is insufficient to support the degree of impairment suggested by Dr. Honickman." *Id.*[12]

However, Claimant only appears to challenge both of the ALJ's articulated reasons for discounting Dr. Honickman's six opinions with respect to a single opinion: Dr. Honickman's 2012 psychological evaluation (R. 615-18, the Evaluation Opinion). *See* Doc. 20 at 38-41. Any argument Claimant raises regarding the ALJ's second articulated reason for discounting the remaining four opinions – that "the evidence prior to the DLI is insufficient to support the degree of impairment suggested by Dr. Honickman" – is perfunctory at best and is therefore waived.[13] With respect to the Evaluation Opinion, however, Claimant argues (1) that the ALJ's assertion that it was based on an examination conducted over 10 years after the DLI and Claimant's self-reports is legally insufficient and factually inaccurate; and (2) that the ALJ's assertion that the evidence prior to the DLI is insufficient to support the degree of impairment suggested by Dr. Honickman is conclusory. *See* Doc. 20 at 38-41. Upon review, the Court agrees.

---

[12] Although the ALJ stated her reasons for giving Dr. Honickman's opinions little weight slightly differently than she stated her reasons for giving Dr. Nay's opinions little weight, in the interest of clarity, the undersigned has structured the reasons related to Dr. Honickman in the same way they were structured for Dr. Nay. This change does not affect the content of the ALJ's statements; the ALJ's precise statement of reasons is provided in full in the following paragraph.

[13] *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

The ALJ's second reason for discounting the Evaluation Opinion is substantively the same as the second reason the ALJ offered for discounting Dr. Nay's four opinions. *Compare* R. 707 *with* R. 704. Here, Claimant again argues that this second reason is conclusory. *See* Doc. 20 at 38. As Claimant's argument is the same, and as the ALJ's statement is virtually – and certainly substantively – the same, the Court predictably reaches the same result. Here, the ALJ stated, in a conclusory fashion, that "[t]he evidence prior to the DLI is insufficient to support the degree of impairment suggested by Dr. Honickman, as it demonstrated above." R. 707. The ALJ did not specify what evidence she was referring to, and she provided no explanation of how the Evaluation Opinion is inconsistent with that evidence. *See id.* The ALJ did not include citations to the record, did not narrow the type of evidence, and did not link any evidence to Dr. Honickman's opinions. *See id.*

Thus, this reason, as it did when offered to discount Dr. Nay's opinions, precludes proper review. Lacking any medical support for the ALJ's conclusory statement regarding the Evaluation Opinion, the Court cannot determine whether the ALJ's decision is based on substantial evidence. *See, e.g., Small*, 2012 WL 646071, at *8 (citing *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (stating that when an ALJ fails to provide factual support for his conclusion that a medical opinion is inconsistent with the medical record, the court is "left in a situation where it has to impermissibly reweigh the evidence")). Since the court may not affirm merely because some rationale could support the ALJ's decision, the Court is unable to conduct a proper review. *See Kelly*, 401 Fed. Appx. at 407.

With respect to the remaining articulated reason the ALJ gave for discounting the Evaluation Opinion – that the Evaluation Opinion is based on an examination ten years after the DLI and Claimant's self-reports – the Court also finds that the ALJ erred. The Evaluation Opinion

corresponds to Dr. Honickman's October 2012 examination of Claimant. *See* R. 615-618. The DLI in this case is December 31, 2006. R. 695. Thus, the ALJ misstated one of the bases for the Evaluation Opinion: it is partially based on an examination that took place a little less than six years after the DLI, not one that took place more than ten years after the DLI. Additionally, the ALJ does not mention that Dr. Honickman examined Claimant multiple times, nor that within the Evaluation Opinion, Dr. Honickman noted that he reviewed his own report from March 2, 2007 (R. 508-09),[14] and the report of Dr. Timothy Byrd dated October 4, 2006 (R. 501-02). While the misstatement regarding the examination date and incomplete statement regarding the bases of the Evaluation Opinion may not independently rise to the level of misstatement or mischaracterization that constitutes reversible error, together, and combined with the ALJ's mischaracterization of the record with respect to Dr. Nay's four opinions, the Court is concerned that they call the accuracy of the ALJ's decision into question and thus support reversal. *See Beckford*, 2017 WL 3835859, *7-9 (noting that the ALJ's numerous errors called into question the accuracy of the ALJ's decision); *Smith v. Astrue*, 2009 WL 3157639, *3-6 (finding that the ALJ's misstatements, taken as a whole, indicated that the ALJ failed to properly consider all the evidence); *Flentroy-Tennant*, 2008 WL 876961, *6-8 (noting that the ALJ's numerous misstatements and/or mischaracterizations revealed an inaccurate review of the record and inadequate support in the record).

---

[14] Dr. Honickman's March 2, 2007 report corresponds with his March 1, 2007 examination of Claimant. R. 508. The Court notes that the ALJ gave Dr. Honickman's March 2, 2007 report (an opinion offered in this case) great weight. R. 705.

Accordingly, because the Court cannot find that substantial evidence supports the reasons provided by the ALJ for giving Dr. Nay's opinions or the Evaluation Opinion little weight, Claimant's argument is well-taken.

## IV. Conclusion

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Emily Kirk
Administrative Law Judge
c/o Office of Hearings Operations
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801